UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAYFAIR WIRELESS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP (d/b/a VERIZON WIRELESS); AT&T MOBILITY LLC; T-MOBILE USA, INC.; and SPRINT NEXTEL CORPORATION,<br><br>    Defendants. | No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Mayfair Wireless, LLC ("Mayfair"), for its Complaint against Cellco Partnership (d/b/a Verizon Wireless) ("Verizon"); AT&T Mobility LLC ("AT&T"); T-Mobile USA, Inc. ("T-Mobile"); and Sprint Nextel Corporation ("Sprint"), hereby alleges as follows:

### Nature of the Case

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell, and/or importation into the United States for subsequent use or sale of products and/or systems that infringe one or more claims of United States Patent No. 6,587,441, entitled "Method and Apparatus for Transportation of Data over a Managed Wireless Network Using Unique Communication Protocol" ("the '441 Patent").

2.      Among other things, the '441 Patent claims an apparatus that allows for the transmission of data using cellular technology.  For example, the claimed apparatus involves a device that receives data transmissions from one or more remote terminals, reformats the

message for further transmission, and then sends the data out via cellular wireless connections. The claimed devices switch between multiple cellular protocols based upon the availability and reliability of the cellular signals.  The signals sent by these devices are received by the cellular system, reformatted, and then sent on to their final destination via the internet.

3.      Defendants are the primary national providers of cellular telephone service in the United States.  Defendants deploy the infrastructure that makes cellular telephony possible and sell devices that allow their customers to use the cellular infrastructure.  Each defendant deploys a cellular infrastructure that utilizes multiple communication protocols often referred to by the "generation" of protocol (*e.g.*, 2G, 3G, and 4G).  Defendants have connected their cellular infrastructure to the internet infrastructure, allowing customers to access the internet via the cellular networks.

4.      Defendants make, import, use, sell, and offer to sell devices known as mobile hotspots.  These devices operate as wireless routers that are connected to the internet via the defendants' cellular infrastructures.  Mobile hotspots perform the functions of the devices claimed by the '441 Patent.  Defendants make, import, use, sell, and offer to sell advanced telephone handsets – commonly referred to as smartphones – that are capable of operating as mobile hotspot devices.  When a smartphone is operated as a mobile hotspot, it performs the functions of the devices claimed by the '441 Patent.

5.      Defendants reap significant profits from their infringement of the '441 Patent. Defendants charge their customers a monthly fee to use a mobile hotspot on the cellular networks. Similarly, defendants charge customers an extra monthly fee to use a smartphone as a mobile hotspot.

## Parties

6.      Mayfair is a Delaware corporation and it owns the '441 patent.

7.      Verizon is a Delaware Corporation with its principal place of business at One Verizon Way, Basking Ridge, NJ 07920.  Verizon is engaged in the manufacture, sale, and/or importation in the United States of electronic components and systems that infringe the '441 patent.

8.      AT&T is a Delaware Corporation with its principal place of business at Glenridge Highlands Two, 5565 Glenridge Connector, Atlanta, GA 30342.  AT&T is engaged in the manufacture, sale, and/or importation in the United States of electronic components and systems that infringe the '441 patent.

9.      T-Mobile is a Delaware Corporation with its principal place of business at 12920 SE 38th Street, Bellevue, WA 98006.  T-Mobile is engaged in the manufacture, sale, and/or importation in the United States of electronic components and systems that infringe the '441 patent.

10.      Sprint is a Kansas Corporation with its principal place of business at 6200 Sprint Parkway, Overland Park, KS 66251.  Sprint is engaged in the manufacture, sale, and/or importation in the United States of electronic components and systems that infringe the '441 patent.

## Jurisdiction and Venue

11.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

12.      This Court has personal jurisdiction over Defendants because the Defendants have established minimum contacts with the forum state Delaware.  Defendants, directly and/or

through third party manufacturers, manufacture, assemble, or distribute products that are and have been offered for sale, sold, purchased, and used within the state of Delaware. In addition, Defendants, directly and/or through their distribution networks, regularly place their products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in Delaware. Finally, each of the following Defendants is subject to this Court's jurisdiction by virtue of their incorporation in Delaware: Verizon, AT&T, and T-Mobile.

13.     Defendants transact business in the state of Delaware because, among other things, Defendants distribute products that are offered for sale, sold, purchased, and used within the state of Delaware. Defendants have also committed tortious acts of patent infringement in Delaware and are subject to personal jurisdiction in Delaware. Venue is thus proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) and 1400 (b).

**Cause of Action**

14.     Paragraphs 1 through 13 are incorporated by reference as if fully stated herein.

15.     The '441 Patent was duly and legally issued on July 1, 2003 by the United States Patent and Trademark Office. A copy of the '441 Patent is attached hereto as Exhibit A.

16.     Among other things, the '441 Patent claims a means and method for reliable, real-time transmission between multiple remote terminals and host server terminals.

17.     The '441 Patent is valid and enforceable.

18.     Mayfair is the exclusive and current owner of all rights, title, and interest in the '441 Patent, including the right to bring this suit for damages.

19.     In violation of 35 U.S.C. § 271, Verizon has been infringing and continues to infringe one or more claims of the '441 Patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products or systems. Verizon's infringing products

include, without limitation, the MiFi family of mobile hotspots, the Samsung 4G LTE family of mobile hotspots, the Apple iPhone 4, the DROID family of smartphones, and other smartphones using the Android operating system.

20.     In violation of 35 U.S.C. § 271, AT&T has been infringing and continues to infringe one or more claims of the '441 Patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products or systems.  AT&T's infringing products include, without limitation, the MiFi family of mobile hotspots, the Apple iPhone 4, the HTC Inspire 4G smartphone, the Motorola Atrix smartphone, and other smartphones using the Android operating system.

21.     In violation of 35 U.S.C. § 271, T-Mobile has been infringing and continues to infringe one or more claims of the '441 Patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products or systems.  T-Mobile's infringing products include, without limitation, the T-Mobile 4G Mobile Hotspot, the LG Optimus T smartphone, the Motorola DEFY smartphone, and other smartphones using the Android operating system.

22.     In violation of 35 U.S.C. § 271, Sprint has been infringing and continues to infringe one or more claims of the '441 Patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products or systems.  Sprint's infringing products include, without limitation, the MiFi family of mobile hotspots, the Sierra Wireless Overdrive Pro 3G/4G mobile hotspot, the HTC EVO 4G smartphone, the LG Optimus S smartphone, and other smartphones using the Android operating system.

23.     Defendants' infringement of the '441 Patent is exceptional and entitles Mayfair to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## Prayer for Relief

Wherefore Mayfair prays:

a. That this Court enter judgment that Defendants have infringed United States Patent No. 6,587,441;

b. That Mayfair be awarded all damages, together with prejudgment and postjudgment interest and costs, adequate to compensate it for Defendants' infringement of the '441 patent, such damages to be determined by a jury, and if necessary to adequately compensate Mayfair for the infringement, an accounting;

c. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Mayfair be awarded attorneys' fees, costs, and expenses incurred in connection with this action; and

d. That Mayfair be awarded such other and further relief as this Court deems just and proper, including, without limitation, forced licenses with the Defendants.

## Jury Demand

Plaintiff hereby demands a trial by jury of any issue triable by right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  September 1, 2011

Respectfully Submitted,

FARNAN LLP

By:  __/s/ Brian E. Farnan_____
Brian E. Farnan (Bar No. 4089)
Rosemary J. Piergiovanni (Bar No. 3655)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com

OF COUNSEL:
Daniel Kotchen
Daniel L. Low
Robert A. Klinck
Alicia Gutierrez
KOTCHEN & LOW LLP
2300 M Street NW, Suite 800
Washington, DC  20037
Telephone:  (202) 416-1848
Facsimile:  (202) 280-1128
dkotchen@kotchen.com

*Attorneys for Mayfair Wireless, LLC*